# 13CV6450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Norberto Lugo*

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

*Le Pain Quotidien*

_____

_____

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant. Addresses should not be included here.)*

RECEIVED
SEP 13 2013
PRO SE OFFICE

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☑ Yes   ☐ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

___ ✓     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
     ***NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

___ ✓     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
     ***NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
     ***NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____     New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I.      Parties in this complaint:

A.      List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff    Name ___*Norberto Lugo*___

Street Address ___*3120 Burke Ave 6 B*___

County, City ___*Bronx N.Y.*___

State & Zip Code ___*10461*___

Telephone Number ___*(646) 226-8073*___

B.      List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
of paper as necessary.

Defendant    Name ___*Le Pain Quotidien*___

Street Address ___*434 Broadway 3rd. floor*___

County, City ___*New York N.Y.*___

State & Zip Code ___*10013*___

Telephone Number ___*(212) 359-9000*___

C.      The address at which I sought employment or was employed by the defendant(s) is:

Employer ___*Le Pain Quotidien*___

Street Address ___*1270 First Ave*___

County, City ___*New York N.Y.*___

State & Zip Code ___*10021*___

Telephone Number ___*(212) 988-5001*___

## II.     Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____          Failure to hire me.

___✓___          Termination of my employment.

___✓___          Failure to promote me.

_____          Failure to accommodate my disability.

___✓___          Unequal terms and conditions of my employment.

*Rev. 05/2010*                                      2

_____ /     Retaliation.

_____       Other acts (specify): *Always my one word Harder when I ask 0 somthing*

*Note:   Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: *11-16-2012* .
                                                                                          _Date(s)_

C.    I believe that defendant(s) *(check one)*:

      _____       is still committing these acts against me.

      _____       is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☑ race _____          ☐ color _____

      ☐ gender/sex _____          ☐ religion_____

      ☐ national origin _____

      ☑ age.  My date of birth is _*9-16-54*_          *(Give your date of birth only*
                                                        *if you are asserting a claim of age discrimination.)*

      ☐ disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

*0 copy attr.*
_____
_____
_____
_____
_____
_____
_____

*Note:   As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*

I believe that I was Discriminated against me and I was put of race and age because I am of a different race as the manager who is much younger than I am. mr. Ivan Jiminez General manager fire me for no reason other than to put a much younger person in my place which was from his own descent. mr. Jiminez is from the Dominican descent and I am Puerto Rican descent. mr. Ivan Jiminez wrongfully fire me what he lies and cover up. I was giving more work what out extra pay. I was giving extra work than the much younger workers! I was giving the title of lead Porter which means that I was the best worker but never recieve any increase in pay only more work and when I said something to him all I got was mean Retaliation he would make me work harder on 11-1-12 I submitted paper in writing requesting time off because they dont pay vacation in 6 years working for the company I never had any problems until now! so on 11-16-12 friday I work my last day. or my last day of work 11-16-12 I made a catering delivery to a Residential building and I was given a $40°° Tip by credit card And again I never saw the Tip on my pay check the following pay period. I have a copy to show proof that mr. Jiminez not only may my vacation paper disappear but my Tip as well. this only show that mr. Jiminez not only Discriminated against me but Also lies and cheted his ways to get me wrongfully fire on 11-26-12 when I return from Vacation mr Jiminez fire me and said that I did not have proof of what I was saiding. he did not wanted to hear anything from me.

B.      The Equal Employment Opportunity Commission *(check one)*:

_____        has not issued a Notice of Right to Sue letter.

___✓___        issued a Notice of Right to Sue letter, which I received on  _8-27-2013_ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____        60 days or more have elapsed.

___✓___        less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_# 500,000 for wrongfully fire me, cheating of my Tips, Humiliation,_
_stress_

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

Signature of Plaintiff    _Norberto Lago_

Address    _3120 Bruce Ave 6 B_

_Bronx, N.Y. 10461_

_____

Telephone Number    _(646) 226-8073_

Fax Number *(if you have one)* _____

EEOC Form 161 (11/09)

## U.S. Equal Employment Opportunity Commission

## Dismissal and Notice of Rights

| | |
|---|---|
| To:  **Norberto Lugo**<br>**3120 Buhre Avenue, Apt.#6**<br>**Bronx, NY 10461** | From:  **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2013-01244 | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Kevin J. Berry,**
**District Director**

August 27, 2013
(Date Mailed)

Enclosures(s)

cc:
**LE PAIN QUOTIDIEN**
**Attn: Director of Human Resources**
**434 Broadway, 3rd Floor**
**New York, NY 10013**

**DESCRIPTION OF DISCRIMINATION** - for all complaints *(Public Accommodation, Employment, Education, Housing, and all other regulated areas listed on Page 3)*

*Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.* **PLEASE TYPE OR PRINT CLEARLY.**

(1) I believe Mr. Ivan Jiminez Discrimined against me because I am of a different Race. (2) I believe Mr. Jiminez Discrimined aginst because in 3 years he has gave others Raises. (3) Mr. Jiminez cheated me on my tips which I have proof of. (4) Mr. Jiminez fire me for someone much younger. (5) Mr. Jiminez Give me more job duties then the younger worker and give other more work hours with less years in the store (6) I do all the pluming and all the fixing in the store without extra hours or extra pay. (7) Mr. Jiminez Lie about firing me, he said I did not give him notice of time off which I did and I have proof. (9) Mr. Jiminez aggressively behaves was not normal was with hate. Mr. Orlando and Mrs Ana saw Mr. Jiminez theasten to fire me because we were talking about a believe cort he was to order for me which he lie. he was listening to everything we were talking about because he was hending behind the door in the basement. (10) Mr. Jiminez behaves with me was hate many times in the kitchen also he would Tell me there is the door if you dont like it. everyone is afraie of him because he has fire alot of good people throughout the year. No other manager in the store behave like this only him because he is mr big G.M. Those action only show Hate & Race. (11) Mr. Ivan Jiminez on oct 2012 theated me like I was no one when I return to work after Hurricane Sandy hit N.Y. I was off for 3 days because the Trains & buses were not Running I believe this person was really looking to fire me but had no good Reason (down on bad one).

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.* **PLEASE DO NOT WRITE ON THE BACK OF THIS FORM.**

## *NOTARIZATION OF THE COMPLAINT*

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

Subscribed and sworn before me
This        day of           , 20

_____
Signature of Notary Public

County:                Commission expires:

*Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.*

9



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>NORBERTO LUGO,<br><br>                    **Complainant,**<br>          v.<br><br>LE PAIN QUOTIDIEN,<br><br>                    **Respondent.** | VERIFIED COMPLAINT<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10159370** |

Federal Charge No. 16GB301244

     I, Norberto Lugo, residing at 3120 Buhre Avenue Apt.#6, Bronx, NY, 10461, charge the above named respondent, whose address is 434 Broadway, 3rd Floor, New York, NY, 10013 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of age, national origin.

     Date most recent or continuing discrimination took place is 11/16/2012.

     The allegations are:

1.    I am Puerto-Rican and 58 years of age (09/16/1954 d.o.b.). Because of this, I have been subject to unlawful discriminatory actions.

2.    **SEE ATTACHED DESCRIPTION OF DISCRIMINATION:**

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of age, national origin, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I also charge the above-named respondent with violating the Age Discrimination in Employment Act (ADEA) as amended (covers ages 40 years of age or older in employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).



I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_____
Norberto Lugo

STATE OF NEW YORK   )
                    )  SS:
COUNTY OF  New York )

Norberto Lugo, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the  content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
Norberto Lugo

Subscribed and sworn to
before me this  7th  day
of   January , 2013

_____
Signature of Notary Public

GLENN NICHTENHAUSER
Notary Public, State of New York
Qualified in Queens County
No. 01NI4983666
Commission Expires July 1, 20__

- 2 -



Nov18          10:28AM
Type:  disc...
#:        XXXXXXXXXXXXX2457*
Entry: KEYED
a Type: PURCHASE
Code:   118 *
k:        4323
k ID:   SB MGMT
er:      302 CATERING

otal:        224.01
             40.00

             264.01

ature   [signature]

rchant's Copy
se leave this copy signed
   Catering and Group
      Available-Please Call
         ...307 8463)

William LaMot, Regional Director

New York State Division of Human Rights

55 Hanson Place, Suite 304

Brooklyn, New York 11217

        Re:   Norberto Lugo v. Le Pain Quotidian

              <u>Case No. 10159370</u>

Dear Mr. LaMot:

Attached are pictures and evidence supporting the allegation of unprofessionalism and discrimination toward Norberto Lugo ("Mr. Lugo") prior to his termination at Le Pain Quotidien ("PQ").

      Aside from Mr. Lugo expectation's which were present by PQ's job description of Lead Porter, during 2011 and 2012, Mr. Lugo was told to change plumbing pipes underneath the sinks in the kitchen and in front part of the PQ's restaurant; replaced burned out light bulbs from the ceiling lights; change out the filters from the commercial grade air condition unit, (which are located on the roof top); and responsible to deliver food for catering events, office buildings, and residential deliveries.  Mr. Lugo was expected to all of the above with no extra pay.

      Mr. Lugo found a daily time sheet for Benjamin Roldan showing that Mr. Roldan has been receiving overtime.  Mr. Lugo stated that the time sheet was lying on the floor during the time Mr. Lugo was cleaning the premises.  Mr. Roldan daily time sheet showed him having 45.36 hours.  Mr. Roldan has been working at PQ less time than Mr. Lugo, and yet Mr. Lugo has never been offer more hours than what he has already been working an average of 33.00 hours.  Mr. Lugo also states that Mirtha Monge has also been receiving overtime, and the only way to prove this would be through the Daily Employee Job Summary backlog.  It is also known that Mrs. Monge is Mr. Jimenez's sister-in-law which also plays a huge conflict of interest in the work center.  Mr. Roldan and Mrs. Monge are both from Dominican descent and the favoritism to them are greater than the rest of the employees who are from other nationalities including Mr. Lugo,  because Mr. Jimenez himself is from Dominican descent.

Mr. Lugo also stated that Mr. Jimenez hired one of his friends who as well, were from Dominican descent to work as a porter and that Mr. Lugo was given the responsibilities of training Mr. Jimenez's friend, Mr. Jose because Mr. Lugo is Bilingual in both English and Spanish.  Mr. Jose was soon fired after three to four months due to Mr. Jose inabilities to speak English and his work performance lacked severely and Mr. Lugo complained about having to pick up Mr. Jose extra slack.

Mr. Lugo stated that he had another issue with Mr. Jimenez prior to his termination at PQ.  The issue as per Mr. Lugo was about Mr. Jimenez not ordering a cart for the delivery boxes.  Mr. Lugo stated that Mr. Jimenez threw away Mr. Lugo ordering request for cart so that Mr. Jimenez could send Mr. Roldan out on large deliveries with Mr. Lugo.  Mr. Lugo stated that Mr. Jimenez did this in spite so that Mr. Lugo would have to split his tip with Mr. Roldan.

Mr. Lugo has not received a raise since 2010 and according to the rest of the employee's at PQ everyone had received a raise since 2010 by Mr. Jimenez.  Mr. Lugo has only been evaluated once in the six years of his employment at PQ, and it was conducted by Anna Marie Hernandez (shift manager).  All other Employee Evaluation for Mr. Lugo which have been presented by PQ's Human Resources are false and have not been sign by Mr. Lugo.  Mr. Lugo stated that they were never presented to him to sign.  The Employee Evaluation is clearly made up and is being used to cover up the discrimination allegation made by Mr. Lugo.

Mr. Jimenez stated that Mr. Lugo was yelling at other employees to also include, one of the shift managers by the name of Kim Jimenez. Mr. Lugo also stated that when the District Manager Ryan Kilgariff (DM) was called upon, the DM in fact confirmed that the way Mr. Lugo was sorting out the dishes was the new policy of PQ, and these changes were made to improved sanitation with dishes and silverware. The DM also told management that Mr. Lugo did not need to clock out and for Mr. Lugo to continue his daily responsibilities at PQ.

It is medically proven that Mr. Lugo has a significant hearing loss in both ears.  It is also a proven fact that people with such significant hearing loss as Mr. Lugo; they have the tendency to speak in a higher tone than people with normal hearing.  Mr. Lugo stated that the management team at PQ were all aware of Mr. Lugo disabilities with his hearing loss.

Mr. Lugo has been allegedly accused for engaging in misconduct and unprofessionalism in the work-center and unexcused absences.  Mr. Lugo was apparently written up in June 4, 2010 for these allegations of Mr. Lugo yelling over how dishes were being sorted out.  Since then there has been no trend of write ups proving PQ's allegations of misconduct, unprofessionalism and or unexcused absences.

Mr. Lugo stated he was never presented with these written documents on his unsatisfactory behavior, however, the Corrective Discipline Counseling System of PQ shows that Mr. Lugo refused to sign.  Once again, this evidence provide by PQ's Human Resources are just cover up against Mr. Lugo allegation of harassment and discrimination.

Mr. Lugo stated that Mr. Jimenez never gave him his earn right tips.  On January 19, 2012, Mr. Lugo made a delivery to an office building and was given an eight-dollar tip by a credit card and Mr. Lugo never saw the tip on his pay check the following pay period.  On November 16, 2012, Mr. Lugo made a delivery to a residential building for a catering event and was given a forty-dollar tip by credit card and again, never saw the tip on his pay check the following pay period.  This pay period is also the time frame where Mr. Jimenez claims he had no idea about Mr. Lugo vacation request.

Mr. Lugo has been allegedly accused of unexcused absences during the Superstorm Sandy, and that Mr. Lugo never communicated with any of the management.  It is a fact that the Governor of New York City Andrew Cuomo had shut down all city transportation on Sunday October 28, 2012 due to Superstorm Sandy. Mr. Lugo stated he called PQ and notified Mykel Gleez (assistant manager), that he was not going to be able to make it to work because of the transportation system being shut down and Mr. Lugo also stated that Mr. Gleez told him to just come into work whenever the transportation system opened up. This call was made on Sunday October 28, 2012, and Mr. Lugo will give his consent so that his phone records may be subpoenaed to prove that he did in fact called PQ's management.  Mr. Lugo does not own a vehicle. On October 31, 2012 train services were on limited status due to the Superstorm, and it was not until November 1, 2012 that the train services provided Mr. Lugo transportation from his residence in the Bronx to the PQ store location in Manhattan.  Mr. Lugo returned to work on November 1, 2012, and continued with his normal daily routines. There are no records or writes ups which show that Mr. Lugo had taken any unexcused days off from October 29, 2012 through October 31, 2012.

Mr. Lugo submitted his paper written vacation request upon his return to work after Superstorm Sandy which was on November 1, 2012.  Mr. Lugo failed to realize that he had already post dated the paper request for October 30, 2012, a day which Mr. Lugo in fact was schedule to work, but due to the Superstorm causing transportation to shut down, Mr. Lugo was unable to make it to work.  Mr. Lugo stated to PQ's Human Resources that he submitted his vacation request on October 30, 2012.  During Mr. Lugo statement to PQ's Human Resources, Mr. Lugo was under a great deal of stress, and confusion due to the fact that he was wrongfully terminated and left jobless because of Mr. Jimenez and therefore simply failed to note that he had post dated his vacation request to a day he was supposed to work but was unable to work.  Mr. Lugo stated that both Benjamin Roldan and Mirtha Monge along with the security cameras

saw Mr. Lugo submit his written request in the envelope, on management's door.  Along with that Mr. Lugo was speaking freely throughout the store about how he was excited to be going on vacation on the week of the 19th of November.  All of the employees also knew that Mr. Lugo would be going on vacation.

Mr. Jimenez wrote an email to Ryan Kilgariff (District Manager) stating that he had posted the schedule on Wednesday November 14, 2012.  According to the signed statement by Mykel Gleez, the schedule was up Thursday or Friday.  Mr. Lugo stated that when he left on Friday November 16, 2012 at 2:00pm, the new schedule was not posted.  Mr. Lugo stated that he was not worried about the new schedule for the following week because he has never had any issues of taking unpaid vacation in the six years of his employment at PQ.  PQ's Human Resources stated no one witnessed Mr. Lugo submitting any time off slip, however according to the sign statement from Mykel Gleez, Mr. Gleez stated that everyone except managers knew that Mr. Lugo was going on vacation. Mr. Lugo took an unpaid vacation for one week on June 18, 2012 through June 22, 2012 with no problem or any hassles.

Mr. Mario Vasquez stated that he called Mr. Lugo on November 17, 2012 to confirm that Mr. Lugo was in fact in Puerto Rico because one of the other porters told him about it.  Mr. Lugo stated that Mr. Vasquez statement is false and that Mr. Vasquez called Mr. Lugo to ask if Mr. Lugo wanted to work Sunday November 18, 2012.  Mr. Lugo than told Mr. Vasquez that he was in Puerto Rico and Mr. Jimenez knew about Mr. Lugo's vacation. Mr. Vasquez than apologized to Mr. Lugo, Mr. Vasquez also stated that Mr. Jimenez did not notified him of Mr. Lugo's vacation.  A conversation that lasted less than two-minutes as Mr. Lugo phone records show.  As the schedule shows for November 18, 2012, a porter by the name of Mr. Robert was on the schedule.  If that position needed to be filled, then the schedule would have shown "Guest Porter".  This clearly shows that the phone call by Mr. Vasquez was part of the set up to terminate Mr. Lugo for unexcused absence.

Mr. Lugo was well aware of PQ's employee policies and procedures; however those policies were not practiced inside this PQ's location.  Mr. Lugo spoke to Mr. Ryan on many occasions about Mr. Jimenez unprofessionalism and how Mr. Jimenez has been discriminating against Mr. Lugo.  At the time Mr. Ryan was the district manager. The way the economy is today and the lack of jobs available, Mr. Lugo feared to lose his job by going directly to human resources.  Mr. Lugo's age is (58 years old) not "48 year old" as stated on the letter from Gordon & Rees LLP office and at Mr. Lugo's age it is hard to find work.

According to email from Ms. Alyssa Greenberg, (PQ's human resources representative), she stated that they could not find any supporting documentation to overturn Mr. Lugo's termination due to his unexcused absence from November 16, 2012

Page5

through November 26, 2012.  Along with that Ms. Greenberg also stated that she had
confirmed with Mr. Lugo that he was entitled to file for unemployment.  Shortly after Mr.
Lugo filed for unemployment, Mr. Lugo was subpoenaed to court on March 11, 2013, in
regards the employer (PQ) objecting to the claimant's entitlement to unemployment
benefits.  The employer (PQ) claimed that Mr. Lugo voluntarily left the employment
without good cause.  Based upon the facts presented by Mr. Lugo and the employer's
failure to appear to the hearing, the case was over ruled and determined that Mr. Lugo
was allowed to continue unemployment benefits.  ALJ Case No.013-05277

Mr. Lugo stated that he did not receive any phone call on behalf of Mr. Jimenez while he was in Puerto Rico and Mr. Lugo is confused on why Mr. Jimenez waited until the 26th of November to fire him, clearly the day when Mr. Lugo stated he would return to work. Mr. Jimenez also claims that Mr. Lugo refused to sign the write up for the unauthorized vacation Mr. Lugo took. As stated in an email Mr. Jimenez wrote to Mr. Ryan (District Manager), Mr. Jimenez clearly stated that he told Mr. Lugo to leave the premises once he fired Mr. Lugo; therefore Mr. Lugo was not given an opportunity to sign the alleged write up.

Mr. Lugo was well aware of PQ's employee policies and procedures; however those policies were not practiced inside this PQ's location. Mr. Lugo spoke to Mr. Ryan on many occasions about Mr. Jimenez unprofessionalism and acts of discrimination against Mr. Lugo. Due to the lack of job available for someone of Mr. Lugo's age (58 years of age), and the economy downfall in today's society, Mr. Lugo feared to lose his job by going directly to human resources. Mr. Lugo's age is (58 years old) not "48 year old" as stated on the letter from Gordon & Rees LLP office and at Mr. Lugo's age it is hard to find work.

According to email from Ms. Alyssa Greenberg, (PQ's human resources representative), she stated that they could not find any supporting documentation to overturn Mr. Lugo's termination due to his unexcused absence from November 16, 2012 through November 26, 2012. Along with that Ms. Greenberg also stated that she had confirmed with Mr. Lugo that he was entitled to file for unemployment. Shortly after Mr. Lugo filed for unemployment, Mr. Lugo was subpoenaed to court on March 11, 2013, in regards the employer (PQ) objecting to the claimant's entitlement to unemployment benefits. The employer (PQ) claimed that Mr. Lugo voluntarily left the employment without good cause. Based upon the facts presented by Mr. Lugo and the employer's failure to appear to the hearing, the case was over ruled and determined that Mr. Lugo was allowed to continue unemployment benefits. ALJ Case No.013-05277

These incidents which led up to Mr. Lugo termination from PQ showed a trend of discrimination, unprofessionalism, harassment and falseness. These acts demonstrated by Mr. Jimenez were bias and by all means demonstrated favoritism to the employees of Dominican descent. Unfortunately, the harassment did not stop once Mr. Lugo was fired. It was then again, that PQ made claims to the Department of Labor that Mr. Lugo now voluntarily left the employment and should not be entitled to unemployment benefits. These nuisance acts, toward Mr. Lugo are unacceptable and with the evidence bought forth today, it proves that Mr. Lugo in fact has be discriminated and harassment by PQ's management.

X_____